UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BOAT SERVICES, INC., | Case No. 2:24-cv-1036-CSK |
| Plaintiff, | |
| v. | ORDER TAKING JUDICIAL NOTICE OF DOCUMENTS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE |
| TIMOTHY STEINHAUER, et al., | |
| Defendants. | (ECF Nos. 13, 14) |

Plaintiff Pacific Boat Services, Inc. maintains California state law claims against Defendants Timothy and Julie Steinhauer concerning Defendants' boat.[1] (ECF No. 1-1). The Steinhauers assert Pacific Boat's claims arise out of the same facts as claims asserted in *Steinhauer v. Pacific Boat Services, Inc.*, 2:23-cv-0738-JAM-AC (E.D. Cal.) (the "2023 Action"). The Steinhauers move to dismiss this case, arguing Pacific Boat was required to raise any compulsory counterclaims in the 2023 Action. (ECF No. 13.) The Steinhauers also request that the Court take judicial notice of filings in the 2023 Action. (ECF No. 14.) Pacific Boat did not respond to the Steinhauers' motion or request.

The Court takes judicial notice of documents attached to Pacific Boat's Complaint and in the 2023 Action. The Court grants the motion to dismiss, and Pacific Boat's claims

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties. (ECF Nos. 8, 10, 11.)

1

are DISMISSED WITHOUT PREJUDICE.

I.  BACKGROUND

    A.  2023 Action:  Facts and Procedural Posture

According to the Steinhauers' first amended complaint in the 2023 Action, they are the owners of a 65-foot Pacemaker boat named "Adventure Alley." *See* Req. J. Not. at Exh. D., the "2023 FAC" (ECF No. 14-4). The 2023 FAC states that in August 2021, the Steinhauers took their boat to Pacific Boat's Stockton, California location for maintenance and improvements. 2023 FAC ¶ 9. The 2023 FAC alleges Pacific Boat damaged the boat when it began the repair work in December 2021. *Id.* ¶¶ 11-14. Pacific Boat told the Steinhauers it completed all repair work on June 14, 2022, but when the boat was placed back in the water, it began taking on water and suffered further damage. *Id.* ¶ 14. Pacific Boat performed additional work on the boat over the next month, but when the boat was placed back in the water on July 10, 2022, it completely sank. *Id.* ¶¶ 16-18. The boat was pulled from the water and placed on dry land, and the Steinhauers requested additional repairs. *Id.* ¶ 18. Pacific Boat did not complete further repairs, but it maintained possession of the boat. *Id.* ¶ 18.

On April 19, 2023, the Steinhauers filed a complaint in this court against Pacific Boat, asserting state law claims for negligence, breach of contract, intentional misrepresentation, and conversion (referred to as the "2023 Action"). *See* Req. J. Not. at Exh. A (ECF No. 14-1). The case was assigned to District Judge John Mendez and Magistrate Judge Allison Claire. *See Steinhauer v. Pacific Boat Services, Inc., et al.*, 2:23-cv-0738 (E.D. Cal.). Pacific Boat was served with process and appeared through their retained counsel, Galin G. Luk of Cox Wootton Lerner Griffin & Hansen LLP. (*See* ECF No. 14-2). The Steinhauers filed a first amended complaint on October 12, 2023, realleging the same facts concerning the parties' acts between August 2021 and July 2022, but only asserting one claim for breach of contract. *See* 2023 FAC. Pacific Boat filed an answer to the 2023 FAC but did not file any counterclaims. *See* 2023 Action at ECF No. 20. Counsel for the Steinhauers conferred with Pacific Boat's counsel and filed

a joint discovery plan. (ECF No. 13-1 at ¶ 8.) On October 26, 2023, Judge Mendez issued a pretrial scheduling order in the 2023 Action, closing discovery on October 18, 2024; setting the dispositive motion deadline for December 13, 2024; a final pretrial conference for April 15, 2025; and a jury trial for June 2, 2025. (*See* ECF No. 14-5.)

### B. 2024 Action:  Facts and Procedural Posture

On February 23, 2024, Pacific Boat filed the underlying Complaint against the Steinhauers in San Joaquin County California Superior Court through its counsel, Kevin Berreth of the Berreth Law Group. *See* "2024 Complaint" (ECF No. 1-1). According to the 2024 Complaint, the Steinhauers brought their 65-foot Pacemaker Motoryacht "Adventure Alley" to Pacific Boat's Stockton, California location for repair work in August 2021. *Id.* ¶¶ 2, 9. The 2024 Complaint alleges the Steinhauers signed an agreement accepting "full and total responsibility for the repairs made by Pacific Boat" and holding it harmless for damages to the boat "due to its inability to withstand normal haul and launch as a result of its age, construction or design." *Id.* ¶ 9. The 2024 Complaint contends Pacific Boat undertook substantial efforts to repair the boat between August 31, 2021 and July 12, 2022, but the Steinhauers failed to pay for the repair services performed. *See id.* ¶¶ 9-10. The 2024 Complaint asserts that the parties' agreement allows Pacific Boat the right to maintain possession of the boat until all bills are paid, to charge storage fees if the bills went unpaid, and to collect attorney's fees if it is deemed the prevailing party in any litigation. *Id.* ¶ 9. In this way, the 2024 Complaint maintains the Steinhauers breached their contract "for a minimum amount of $82,831.82, still owed, as well as attorney fees." *Id.* ¶ 14.

The Steinhauers were served with a summons and copy of the 2024 Complaint on March 6, 2024. (ECF No. 1 at ¶ 2.) On April 2, 2024, counsel for the Steinhauers contacted Pacific Boat's counsel in the 2023 Action, attorney Galin Luk, to inquire about the 2024 Complaint, who replied "he had no comment" on Pacific Boat's decision to file the 2024 Complaint and noted he was not counsel of record for this second action. (ECF No. 13-1 at ¶ 10.) The Steinhauers' counsel then contacted Pacific Boat's counsel for the

2024 Action, attorney Kevin Berreth, on April 3, 2024, but was unable to discuss the two cases with him. (*Id.* at ¶ 11.) The Steinhauers filed a notice of removal on April 5, 2024, removing to this Court on diversity jurisdiction grounds. (ECF No. 1.) The case was directly assigned to the undersigned. (ECF No. 4.)

On April 15, 2024, the Steinhauers moved to dismiss Pacific Boat's claims in this case and requested judicial notice of the filings in the 2023 Action. (ECF No. 5.) The Court ordered the parties to indicate whether they wished to consent to the magistrate judge for all purposes under 28 U.S.C. § 636(c), vacating the May 21, 2024 hearing on the motion to dismiss. (ECF No. 7.) All parties consented, and the case was authorized to proceed before the undersigned. (ECF Nos. 8, 10, 11.) The Steinhausers were directed to re-notice the motion to dismiss in compliance with Local Rule 230. (ECF No. 12.)

On April 30, 2024, the Steinhauers re-filed their motion to dismiss and request for judicial notice, setting the matters for a June 4, 2024 hearing before the undersigned. (ECF Nos. 13, 14.) On May 16, 2024, the Court noted Pacific Boat had failed to file an opposition or statement of non-opposition as required by Local Rule 230, and so vacated the June 4, 2024 hearing and took the Steinhauers' motion to dismiss and request for judicial notice under submission on the record and written briefing. (ECF No. 15.)

## II.     LEGAL STANDARDS

### A.     Judicial Notice

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents on file judicial proceedings).

/ / /

### B. Rule 12(b)(6) Failure to State a Claim

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015).

## III. DISCUSSION

### A. Judicial Notice

Here, Pacific Boat attached a number of documents to its Complaint in the 2024 Action in support of its breach of contract claim. (ECF No. 1-1 at 9-27.) Additionally, the Steinhauers request judicial notice of the pleadings and filings in the 2023 Action. (ECF No. 14 at Exhs. A-E.) The Court takes judicial notice of these documents for the purpose of determining whether Pacific Boat's claims in this action arise out of the same transaction or occurrence as the claims in the 2023 Action. *See Harris*, 682 F.3d at 1132; *Marder*, 450 F.3d at 448.

### B. Motion to Dismiss

The Steinhauers argue Pacific Boat is barred from bringing this action because any claims Pacific Boat might have concerning repairs to the Adventure Alley should have been asserted as compulsory counterclaims in the 2023 Action. (ECF No. 13.) The Court concurs.

Federal Rule of Civil Procedure 13(a) governs compulsory counterclaims, stating:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Under Rule 13(a), a party who fails to assert a compulsory counterclaim in an action cannot file a second action in which that counterclaim is the basis of the complaint. *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010) (citing *Local Union No. 11, Int'l Bhd. of Elec. Workers, AFL–CIO v. G.P.*

5

*Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966)). The purpose of Rule 13(a) is to "prevent multiplicity of litigation and to bring about prompt resolution of all disputes arising from common matters." *Mitchell*, 611 F.3d at 1201.

To determine whether a claim arises out of the same transaction or occurrence for Rule 13(a) purposes, courts analyze whether the essential facts of the various claims are "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995) (citing *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987)). A logical relationship exists where the same operative facts serve as the basis of both claims. *Mattel, Inc v. MGA Ent., Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013). This "logical relationship" test is applied flexibly by courts in the Ninth Circuit. *See United States v. Iron Mountain Mines, Inc.*, 952 F. Supp. 673, 678 n.9 (E.D. Cal. 1996) (citing *Hydranautics*, 70 F.3d at 536).

Here, the Court finds the essential facts asserted in the 2023 Action are so logically connected to the claims in the 2024 Action that judicial economy and fairness dictate all the issues be resolved in the earlier-filed action. *Mattel*, 705 F.3d at 1110; *Hydranautics*, 70 F.3d at 536. Both operative complaints allege claims based on the Steinhauers' contracting with Pacific Boat for repair work on the Adventure Alley, the Steinhauers' 65-foot Pacemaker boat, between August 2021 and July 2022. *Cf.* 2023 FAC ¶¶ 9-18; *with* 2024 Complaint ¶¶ 9-10. Both actions involve the same parties and the same dispute over what services were to be performed on the boat, and both require interpretation of the same work orders and agreements—including which party was responsible for damage to the boat while Pacific Boat performed the repairs. *Cf.* 2023 FAC ¶¶ 9-18 (describing the scope of the parties' agreements concerning repairs to the boat); *with* 2024 Complaint ¶¶ 9-10 (same). Further, for Rule 13(a) purposes, Pacific Boat's Complaint in the 2024 Action "does not require adding another party over whom the court cannot acquire jurisdiction" because the parties in the 2023 Action are the same as the parties in this 2024 Action. *Cf.* 2023 FAC ¶¶ 2-3 (naming Timothy and Julie

Steinhauer as plaintiffs and Pacific Boat as defendant); *with* 2024 Complaint ¶¶ 1-2 (naming Timothy and Julie Steinhauer as defendants and Pacific Boat as plaintiff). Thus, Pacific Boat's claims in the 2024 Action arise out of the same transaction or occurrence as the 2023 Action for Rule 13(a) purposes, requiring the 2024 Action be dismissed. *See Mitchell*, 611 F.3d at 1201.

The Steinhauers request the Court dismiss Pacific Boat's Complaint in this action with prejudice. (ECF No. 13 at 6.) On this point, the Court disagrees. The Steinhauers' first action before Judge Mendez is presently in the discovery phase, and trial is not set to begin until June 2, 2025. (*See* ECF No. 14-5.) Thus, the 2023 Action is not concluded and though unlikely, it is technically possible for a party to seek leave to amend the pleadings in the 2023 Action. *See* Fed. R. Civ. P. 15(a)(2); *see also* 2023 Action at ECF No. 21 (Judge Mendez's Pretrial Scheduling Order, stating "No further . . . amendments to pleadings is permitted except with leave of court, good cause having been shown."). Thus, the Court dismisses the claims in the 2024 Action without prejudice. *See Hydranautics*, 70 F.3d at 536 ("If a party has a counterclaim which is compulsory and fails to plead it, it is lost, and cannot be asserted in a second, separate action <u>after conclusion of the first</u>.") (emphasis added); *Vista Cap. Invs., LLC v. Nat. Shrimp, Inc.*, 2020 WL 434562, at *4 (S.D. Cal. Jan. 28, 2020) (dismissing later-filed action so that defendant could seek leave to plead counterclaim in still-pending first action).

## **ORDER**

The Court ORDERS:

1. Defendants Steinhausers' request for judicial notice (ECF No. 14) and motion to dismiss (ECF No. 13) are GRANTED;
2. Plaintiff Pacific Boat's claims are DISMISSED WITHOUT PREJUDICE; and
3. The Clerk of the Court is directed to CLOSE this case.

Dated: October 3, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, paci.1036